# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR,<br><br>          Petitioner,<br><br>     v.<br><br>KAMALA D. HARRIS,<br><br>          Respondent. | Case No.  1:15-cv-00601-SAB-HC<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 15, 2015, Petitioner filed the instant petition for writ of habeas corpus in this Court. (ECF No. 1). Petitioner is challenging the imposition of a life without possibility of parole sentence imposed in 2008 by the Los Angeles County Superior Court. Petitioner alleges ineffective assistance of counsel, a due process violation for lack of evidence, and an equal protection violation.

When a prisoner files a state habeas petition in a state that contains two or more federal judicial districts, the petition may be filed in either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. See 28 U.S.C. § 2241(d); Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting Carbo v. United States, 364 U.S. 611, 618, 81 S. Ct. 338, 5 L. Ed. 2d 329 (1961)). The instant petition attacks a

judgment of conviction that was entered in the Los Angeles County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Central District of California, Western Division.  See 28 U.S.C. § 84(c)(2).  Petitioner is presently confined at Corcoran State Prison, located in Corcoran, California, which is within the jurisdictional bounds of the Eastern District of California.  See 28 U.S.C. § 84(b).  Thus, jurisdiction exists in both the Eastern and Central Districts of California.

Petitions challenging convictions or sentences are preferably heard in the district of conviction.  See Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968).  Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined.  See Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  Section 2241 further states that, rather than dismissing an improperly filed action, a district court, "in the exercise of its discretion and in furtherance of justice[,] may transfer" the habeas petition to another federal district for hearing and determination.  Id.; see also 28 U.S.C. § 1404(a) (court may transfer any civil action "to any other district or division where it might have been brought" for convenience of parties or "in the interest of justice").

Petitioner is challenging his 2008 conviction from a judgment issued by the Los Angeles County Superior Court, and therefore, venue is proper in the district of conviction, which is the Central District of California, Western Division.  Accordingly, this action will be transferred.

Good cause appearing, IT IS HEREBY ORDERED that the petition is transferred to the United States District Court for the Central District of California, Western Division.

IT IS SO ORDERED.

Dated:   **April 20, 2015**

_____
UNITED STATES MAGISTRATE JUDGE