O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FAVOR,<br><br>   Petitioner,<br><br>  v.<br><br>KAMALA D. HARRIS,<br><br>   Respondent. | NO. CV 15-2918-JGB (JEM)<br><br>**ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

On April 17, 2015, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Southern District of California, which was transferred to this Court on April 20, 2015 (the "April 2015 Petition" or "Petition"). For the reasons set forth below, the April 2015 Petition is dismissed without prejudice.

## PROCEDURAL HISTORY

**A. The June 2014 Petition**

On May 30, 2014, Petitioner filed a habeas petition in the Southern District of California, which was transferred to this Court on June 4, 2014, <u>Brandon Favor-El v. Daniel Paramo, Warden</u>, Case No. CV 14-4441-JGB (JEM) (the "June 2014 Petition"). In the June 2014 Petition, Petitioner challenges his conviction in Los Angeles County Superior Court Case No. BA285265, and sets forth the following grounds for relief: (1) ineffective assistance of counsel; (2) failure to instruct regarding duress; and (3) prosecutorial misconduct. Petitioner amended his petition on August 25, 2014.

On January 9, 2015, Respondent filed an Answer. On March 5, 2015, Petitioner filed a Reply. Petitioner subsequently filed two motions to amend the petition, both of which were denied on the grounds that the proposed amended claims were unintelligible, vague, and conclusory.[1]

### B. The April 2015 Petition

In the April 2015 Petition, Petitioner also challenges his conviction in Los Angeles County Superior Court Case No. BA285265. He sets forth the following grounds for relief:

(1) "Cruel and unusual punish[ment]. Ineffective assistance of counsel. See Defendants written [unintelligible]."

(2) "Ineffective assistance of counsel. No defense."

(3) "Due Process. Lack of evidence."

(4) "Equal protection. No defense."

(April 2015 Petition at 5-6.) Petitioner offers no additional facts or arguments to support his claims.

## DISCUSSION

### A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a habeas petition on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or

---

[1] In addition to the June 2014 Petition and the April 2015 Petition, Petitioner also has filed three other habeas petitions challenging his conviction and sentence in Los Angeles County Superior Court Case Number BA285265: Brandon Alexander Favor v. People of the State of California, Case No. CV 14-0555-JGB (JEM), filed January 23, 2014, and dismissed March 27, 2014, as frivolous; Brandon Alexander Favor v. People of California, Case No. CV 14-6655-JGB (JEM), filed August 25, 2014, and dismissed December 17, 2014, as a futile amendment to the June 2014 Petition; Brandon Alexander Favor v. Warden, Case No. CV 15-5681-JGB (JEM), filed June 29, 2015, in the Southern District of California and transferred to this Court on July 23, 2015.

after an answer to the petition has been filed. Allegations in a petition that are vague, conclusory, palpably incredible, or patently frivolous or false are subject to summary dismissal. Hendricks, 908 F.2d at 491. "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (citations omitted).

### B. Motion to Amend the June 2014 Petition

In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, if a prior habeas petition is still pending when a *pro se* petitioner files a subsequent habeas petition attacking the same judgment, the court should not deem the subsequent petition as successive but instead should construe it as a motion to amend the prior petition. Id. at 889-890. Accordingly, under Woods the Court will construe the April 2015 Petition as a Motion to Amend the June 2014 Petition.

Petitioner already amended the June 2014 Petition as a matter of course, pursuant to Fed. R. Civ. P. 15(a)(1). Accordingly, leave of court is required for all other amendments. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. In deciding whether to allow an amendment, the court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir. 1995) (applying Rule 15(a) in a habeas case).

The motion to amend is denied. The claims set forth in the April 2015 Petition are unintelligible, vague, and wholly conclusory. Petitioner sets forth no facts to support his stated grounds for relief, and it is impossible to discern the basis for any of his proposed amended claims. In these circumstances, amendment would be futile. See Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011) ("[C]ursory and vague claim[s] cannot support habeas relief."); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)); Hendricks, 908 F.2d at 491 (Summary dismissal is appropriate where allegations are "vague or conclusory," "palpably

incredible," or "patently frivolous or false.") (internal quotations and citations omitted); Rules Governing § 2254 Cases, rule 2(c)(2) (petition must "state the facts supporting each ground").

Accordingly, April 2015 Petition should be dismissed without prejudice.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has reviewed Petitioner's contentions and is fully apprised of the relevant facts and law. For the aforementioned reasons, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

Accordingly, the certificate of appealability should be denied.

## ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **dismissed without prejudice**;

2. A Certificate of Appealability is **denied**.

DATED: August 10, 2015

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

4